IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS SEIFERT and TAMMY SEIFERT,

    Plaintiffs,

v.                                         Civil Action No. 5:06CV152
                                                        (STAMP)

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I. <u>Background</u>

The above-styled civil action arises out of an accident involving the plaintiffs' 1999 Chevy Tahoe. The plaintiffs filed suit in the Circuit Court of Ohio County, West Virginia against their automobile insurance company, Nationwide Mutual Insurance Company ("Nationwide"), alleging breach of contract, common law bad faith, and violation of the West Virginia Unfair Claims Settlement Practices Act. The defendant removed the cause of action to this Court based on diversity of citizenship. The plaintiffs then filed a motion to remand to which the defendant responded.

II. <u>Facts</u>

On September 28, 2006, the plaintiffs were involved in an automobile accident which caused property damage to their 1999 Chevy Tahoe. The plaintiffs submitted a claim for property damage to their insurance carrier, defendant Nationwide. The defendant offered $2,232.45 as a full and final settlement of the property

damage claim with the condition that the settlement check be made payable to both the plaintiffs and the lien-holder. In the complaint, the plaintiffs allege that the defendant breached its insurance contract by failing to make the settlement check payable directly to the plaintiffs and by failing to offer money for the inconvenience associated with the property damage. The plaintiffs also allege that the defendant breached the West Virginia Unfair Claims Settlement Practices Act and its common law duty of good faith and fair dealing by failing to offer a fair and prompt settlement. The plaintiffs assert that as a direct and proximate result of the actions of the defendant, they suffered loss of use of the Chevy Tahoe, economic loss from the delay in settlement, and inconvenience. The plaintiffs request compensatory and punitive damages as well as costs and attorney's fees.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

IV. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs.[1] This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire

---

[1] In its response to the plaintiffs' motion to remand, the defendant states that "the plaintiffs appear to challenge the residency of the defendant." Although the Court does not read the plaintiffs' motion as presenting a challenge to the existence of diversity, the Court notes that diversity of citizenship is established in this case because the plaintiffs are residents of West Virginia and the defendant is incorporated and has its principal place of business in Ohio.

3

record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested.  In their complaint, the plaintiffs identify only $2,232.45 in specific damages.  While this amount is not dispositive of the value of this civil action because it represents only the amount of property damage suffered by the plaintiffs, it does provide some indication as to the amount of damages involved, which at this time is shown to be far below the $75,000.00 jurisdictional minimum.

The defendant argues that the amount in controversy is in excess of the jurisdictional minimum because the plaintiffs request punitive damages, attorney's fees, and compensatory damages for intangible injuries including aggravation, annoyance, and inconvenience.  In the notice of removal, the defendant states that "the Plaintiffs' claims for 'bad faith,' when coupled with the Plaintiffs' alleged compensatory damages, would certainly meet the federal jurisdictional limit."  Additionally, the defendant argues that the plaintiffs "simply request remand for their convenience" because they have not agreed to stipulate that the amount in controversy is less than $75,000.00.

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds

that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Furthermore, the fact that the plaintiffs have not agreed to stipulate that the amount in controversy is less than $75,000.00 does not establish the requisite amount in controversy. See <u>Gramc v. Millar Elevator Co.</u>, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998). Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiffs' motion to remand must be granted. Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[2]

---

[2] Obviously, the case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(b).

5

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:   May 8, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE